**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *ERICA TURNER*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *RECEIVABLES MANAGEMENT PARTNERS, L.L.C.,* | ) |
| *MERCHANTS' CREDIT GUIDE COMPANY,* | ) |
| *PROFESSIONAL PLACEMENT SERVICES, L.L.C.,* | ) |
| *EQUIFAX INFORMATION SERVICES L.L.C.,* | ) |
| *EXPERIAN INFORMATION SOLUTIONS, INC.,* | ) |
| *and TRANSUNION TELEDATA L.L.C.*, | ) |
|     Defendants. | ) |

**COMPLAINT**

Plaintiff Erica Turner, by her counsel Paúl Camarena, respectfully complains as follows:

**Introduction.**

1) The Fair Credit Reporting Act and its progeny provide that, when a consumer disputes information that a furnisher of credit information is reporting to a consumer reporting agency, the furnisher must conduct a reasonable investigation into that information and the consumer reporting agency must conduct a reasonable reinvestigation into that same information. In the instant case, although Plaintiff Ms. Turner submitted multiple disputes of information reported to consumer reporting agencies, Defendant Furnishers Receivables Management, Merchants' Credit, and Professional Placement failed to conduct reasonable investigations into their own reported information, and Defendant Consumer Reporting Agencies Equifax, Experian, and TransUnion also failed to conduct reasonable reinvestigations into their own reported information.

**Constitutional Jurisdictional Standing.**

2) Plaintiff Ms. Turner has standing to prosecute her claims because, *inter alia*, she suffered an injury to her reputation by Defendants' publishing of inaccurate information about her. Ms. Turner also has standing because, *inter alia*, she incurred non-legal expenses in addressing the Defendants' illegal conduct.

**Statutory Jurisdiction and Venue.**

3) Pursuant to 28 U.S.C. § 1331, United States district courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

4) Plaintiff Erica Turner is a natural person and, thus, is a "consumer" as that term is defined in the F.C.R.A., at 15 U.S.C. § 1681a(c); and Plaintiff Ms. Turner is also a resident of the Eastern Division.

5) Defendant Receivables Management Partners LLC is a Limited Liability Company and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any … entity ").

6) Defendant Merchants' Credit Guide Co. is a Corporation and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any … entity ").

7) Defendant Professional Placement Services LLC is a Limited Liability Company and, thus, is a "person" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(b) (" 'person' means any … entity ").

8) Defendant Equifax regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

9) Defendant Experian regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

10) Defendant TransUnion regularly assembles consumer credit information for the purpose of furnishing credit information and, thus, is a "consumer reporting agency" as that term is defined in the FCRA, at 15 U.S.C. § 1681a(f).

## Factual Allegations.

Defendant Receivables Management and Defendants Experian and TransUnion.

11) Previously, Ms. Turner visited Rush Copely Medical Center; she provided her medical insurance provider's information to this medical office; and the medical office agreed to submit its invoice to the medical insurance provider.

12) Ms. Turner eventually incurred a debt of over one thousand dollars to this medical office.

13) However, after Ms. Turner's medical insurance provider's liability and after Ms. Turner's own payments to the medical office were applied to the debt, Ms. Turner's debt amount properly decreased to less than a few hundred dollars.

14) Nevertheless, when the medical office contracted Defendant Receivables Management to attempt to collect the debt from Ms. Turner, Defendant Receivables Management attempted to collect from Ms. Turner by reporting to Defendants Experian and TransUnion that Ms. Turner owes the entire debt amount of over one thousand dollars.

15) Defendant Receivables Management also inaccurately represented to Defendants Experian and TransUnion that Ms. Turner never serviced any of this debt by inaccurately reporting that her high balance amount is exactly the same as her current balance amount and her past due amount, and that Ms. Turner had paid off "0%."

16) Thus, Defendants Equifax and Experian inaccurately reported that Ms. Turner owes over one thousand dollars on the debt, that her high balance amount on the debt is exactly the same as her current balance amount and her past due amount, and that she paid off 0% of the debt.

17) Ms. Turner submitted multiple disputes of Defendant Receivables Management's reporting to Defendants Experian and TransUnion and, in Ms. Turner's multiple disputes, she specifically explained that "after [the] health insurance carrier liability [and the] out-of-pocket payments, [the] past due amount became less than [the] reported past due amount" and the "paid off percentage became greater than the 0 percent that is being reported."

18) Upon information and belief, Defendants Experian and TransUnion forwarded Ms. Turner's multiple disputes to Defendant Receivables Management, and Defendant Receivables Management received Ms. Turner's multiple disputes.

19) However, Defendant Receivables Management failed to conduct reasonable investigations into its own reported information and continues to report that false information.

20) Defendants Experian and TransUnion also failed to conduct reasonable reinvestigations into their own reported information about the debt reported by Defendant Receivables Management; and Defendants Experian and TransUnion continue to report that false information.

<u>Defendant Merchants' Credit and Defendants Equifax and TransUnion.</u>

21) Previously, Ms. Turner visited DuPage Medical Group (now Duly Health and Care); she provided her medical insurance provider's information to this medical office; and the medical

office agreed to submit its invoice to the medical insurance provider.

22) Ms. Turner eventually incurred a debt to this medical office.

23) However, after Ms. Turner's medical insurance provider's liability and after Ms. Turner's own payments to the medical office were applied to the debt, Ms. Turner's debt amounts properly decreased.

24) Nevertheless, when the medical office contracted Defendant Merchants' Credit to attempt to collect the debt from Ms. Turner, Defendant Merchants' Credit attempted to collect from Ms. Turner by reporting to Defendants Equifax and TransUnion that Ms. Turner owes the entire debt amount.

25) Defendant Merchants' Credit also inaccurately reported to Defendants Equifax and TransUnion that Ms. Turner never serviced any of this debt by reporting that her original amount owed is the exact same as her current amount owed and that her high balance amount is the same as her current balance amount and her past due amount.

26) Thus, Defendants Equifax and TransUnion inaccurately reported that Ms. Turner owes the entire amount on the debt and that her original amount owed on the debt is the exact same as her current amount owed, her high balance amount, her current balance amount and her past due amount.

27) Ms. Turner submitted multiple disputes of Defendant Merchants' Credit's reporting to Defendants Equifax and TransUnion and, in Ms. Turner's multiple disputes, she specifically explained that the "original creditor [had] agreed to submit [the] account to [her] health insurance carrier before [the] original creditor provided services [and that] after [her] health insurance carrier['s] liability [and her own] out-of-pocket payments, [the] past due amount became less than [the] reported past due amount."

28) Upon information and belief, Defendants Equifax and TransUnion forwarded Ms. Turner's multiple disputes to Defendant Merchants' Credit, and Defendant Merchants' Credit received Ms. Turner's multiple disputes.

29) However, Defendant Merchants' Credit failed to conduct reasonable investigations into its own reported information and continues to report that false information.

30) Defendants Equifax and TransUnion also failed to conduct reasonable reinvestigations into their own reported information about the debts reported by Defendant Merchants' Credit; and Defendants Equifax and TransUnion continue to report that false information.

<u>Defendant Professional Placement and Defendant Equifax.</u>

31) Several years ago, Ms. Turner visited Advocate Healthcare; she provided her medical insurance provider's information to this medical office; and the medical office agreed to submit its invoice to the medical insurance provider.

32) During this visit, Ms. Turner did incur a debt to this medical office.

33) However, after Ms. Turner's medical insurance provider's liability and after Ms. Turner's own payments to the medical office were applied to the debt, Ms. Turner's debt amounts properly decreased.

34) Nevertheless, when the medical office contracted Defendant Professional Placement to attempt to collect the debt from Ms. Turner, Defendant Professional Placement attempted to collect from Ms. Turner by reporting to Defendant Equifax that Ms. Turner owes the entire debt amount.

35) Defendant Professional Placement also inaccurately reported to Defendants Equifax that Ms. Turner never serviced any of this debt by reporting that her current amount owed is the exact same as her original amount owed.

36) Defendant Professional Placement further represented that Ms. Turner currently poses a greater risk to potential creditors than she actually does by inaccurately reporting that she first became delinquent on this debt in 2020, and not several years ago.

37) Thus, Defendant Equifax inaccurately reported that Ms. Turner owes the entire amount on the debt, that her current amount owed on the debt is the exact same as her original amount owed, and that she first became delinquent on this debt in 2020.

38) Ms. Turner submitted multiple disputes of Defendant Professional Placement's reporting to Defendant Equifax and, in Ms. Turner's multiple disputes, she specifically explained that "[a]fter [the] health insurance carrier['s] liability [and] any out-of-pocket payment(s), [the] current amount owed is less than [the] reported current amount owed" and that the "[r]eported date of first delinquency is wrong."

39) Upon information and belief, Defendant Equifax forwarded Ms. Turner's multiple disputes to Defendant Professional Placement, and Defendant Professional Placement received Ms. Turner's multiple disputes.

40) However, Defendant Professional Placement failed to conduct reasonable investigations into its own reported information and continues to report that false information.

41) Defendant Equifax also failed to conduct reasonable reinvestigations into its own reported information about the debt reported by Defendant Professional Placement; and Defendant Equifax continues to report that false information.

### Causes of Action.

<u>Count One – As to Defendant Receivables Management's Failure to Reasonably Investigate.</u>

42) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information

provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

43) Defendant Receivables Management negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct a reasonable investigation with respect to information about Ms. Turner that Defendant Receivables Management itself is providing to consumer reporting agencies.

Count Two – As to Defendant Merchants' Credit's Failure to Reasonably Investigate.

44) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

45) Defendant Merchants' Credit negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct a reasonable investigation with respect to information about Ms. Turner that Defendant Merchants' Credit itself is providing to consumer reporting agencies.

Count Three – As to Defendant Professional Placement's Failure to Reasonably Investigate.

46) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. September 13, 2017) (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

47) Defendant Professional Placement negligently or willfully violated Subsection 1681s-2(b)(1)(A) by negligently or willfully failing to conduct a reasonable investigation with respect to information about Ms. Turner that Defendant Professional Placement itself is providing to consumer reporting agencies.

Count Four – As to Defendant Equifax's Failure to Reasonably Reinvestigate.

48) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a

reasonable reinvestigation to determine whether the disputed information is inaccurate."

49) Defendant Equifax negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Turner that was reported by Defendants Merchants' Credit and Professional Placement.

Count Five – As to Defendant Experian's Failure to Reasonably Reinvestigate.

50) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

51) Defendant Experian negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Turner that was reported by Defendants Receivables Management.

Count Six – As to Defendant TransUnion's Failure to Reasonably Reinvestigate.

52) The Fair Credit Reporting Act, at 15 U.S.C. § 1681i(a)(1)(A), states, in relevant part, that, "if the [ ] accuracy of any [ ] information [ ] in a consumer's file at a consumer reporting agency is disputed [ ] and the consumer notifies the agency [ ] the agency shall [ ] conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."

53) Defendant TransUnion negligently or willfully violated Subsection 1681i(a)(1)(A) by negligently or willfully failing to conduct reasonable reinvestigations into its own files' information regarding Ms. Turner that was reported by Defendants Receivables Management and Merchants' Credit.

**Prayer for Relief.**

WHEREFORE, Ms. Turner respectfully prays that this Honorable Court hold a trial by jury and that this Court enter judgment in her favor (and against the Defendants) for statutory damages, for her actual damages (including her reasonable attorney's fees and costs), and for punitive damages.

        Respectfully submitted,
        Plaintiff Erica Turner's Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        (312) 493-7494
        paulcamarena@paulcamarena.com